UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 07-CV-01053 WYD-BNB

LAURENCE D. PASKOWITZ,

    Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
JOHN S. HOREJSI,
SUSAN L. CICIORA,
STEWART HOREJSI,
BOULDER INVESTMENT ADVISERS, L.L.C, and
STEWART WEST INDIES TRADING COMPANY LTD, d/b/a STEWART INVESTMENT ADVISERS,

    Defendants

  and

BOULDER GROWTH AND INCOME FUND, INC.,

    Nominal Defendant.

## DEFENDANT JOEL W. LOONEY'S MOTION TO DISMISS UNDER F.R.C.P. 12(b)(2) and 12(b)(6)

Specially appearing Defendant Joel W. Looney hereby moves this Court, pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all five claims asserted

by Plaintiff Laurence Paskowitz ("Plaintiff") in his purported class action complaint. By making this Motion, Mr. Looney is not consenting to the jurisdiction of this Court, but brings all of his Rule 12 motions at once pursuant to Rule 12(g).

Mr. Looney moves to dismiss claims 1, 2, 4 and 5 pursuant to Rule 12(b)(6) on the grounds that each cause of action fails to state a claim on the following grounds:

1. Claim 1 for violation of Section 20(a) of the Investment Company Act of 1940 ("ICA") based on the 2006 Proxy Statement fails to state a claim because no private right of action exists under Section 20(a).

2. Claim 1 for violation of Section 20(a) of the ICA based on the 2006 Proxy Statement fails to state a claim because Plaintiff has not alleged a material misrepresentation or omission in connection with a proxy statement.

3. Claim 2 for violation of Section 20(a) of the ICA based on the 2007 Proxy Statement fails to state a claim because no private right of action exists under Section 20(a).

4. Claim 2 for violation of Section 20(a) of the ICA based on the 2007 Proxy Statement fails to state a claim because Plaintiff has not alleged a material misrepresentation or omission in connection with a proxy statement.

5. Claim 4 for breach of fiduciary duty under state law fails to state a claim because it is preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Securities Exchange Act of 1934, § 28(f)(1), as amended, 15 U.S.C.A. § 78bb(f)(1).

6.      Claim 5 for Permanent Injunction fails because a permanent injunction is a remedy and not a claim.  As Plaintiff seeks a permanent injunction based on the Section 20(a) violations and state law claim for breach of fiduciary duty, both of which are legally precluded, Plaintiff has no remedy for permanent injunction.

Mr. Looney also moves to dismiss pursuant to Rule 12(b)(2) on the grounds that the Court lacks personal jurisdiction over him.

Mr. Looney also hereby joins and incorporates the arguments of the Motion to Dismiss and Memorandum of Law filed by co-defendant Boulder Growth & Income Fund, Inc. and the Motion to Dismiss and Memorandum of Law filed by the Boulder Investment Advisers and Stewart West Indies Trading Company Ltd, D/B/A Stewart Investment Advisers.

Mr. Looney's Motion is based on the Motion, the Memorandum of Law in Support of the Motion, the Request for Judicial Notice with Exhibits thereto filed and served concurrently herewith, the allegations in Plaintiff's Complaints and Exhibits attached thereto, the Declaration of Joel W. Looney (for purposes of Rule 12(b)(2) only, along with the pleadings, records and files in this action, on those matters of which this Court may take judicial notice, and on such further evidence and argument as may be presented prior to or at the time of the hearing.

All matters outside the pleadings submitted with this Motion with respect to the 12(b)(6) claims are either specifically referenced in the Complaint, incorporated by reference in the Complaint, or matters of public records capable of judicial notice under Rule 201 of Federal Rules of Evidence.  Therefore, the Court should not convert the motion to a motion for summary judgment.  The Declaration of Joel W. Looney is submitted solely in support of the Motion to Dismiss under Rule 12(b)(1) for lack of personal jurisdiction.  If the Court declines to take judicial

notice of certain matters submitted with the Motion in the Request for the Judicial Notice, the Fund requests that the Court simply not consider the matters outside the pleadings.

Dated: June 11, 2007

Respectfully Submitted,

By: : s/ William F. Sullivan
William F. Sullivan
Joshua G. Hamilton
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, 25th Floor
Los Angeles, California  90071-2228
Telephone:   (213) 683-6000
Facsimile:    (213) 627-0705
E-mail:        williamsullivan@paulhastings.com
*Attorneys for Nominal Defendant*
*Boulder Growth & Income Fund, Inc.*

Lawrence W. Treece
Christian H. Hendrickson
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
Telephone:   (303) 297-2900
Facsimile:    (303) 298-0940
E-mail:        chendrickson@shermanhoward.com
                  ltreece@shermanhoward.com
*Attorneys for Nominal Defendant*
*Boulder Growth & Income Fund, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2007, I electronically filed the foregoing **SPECIALLY APPEARING DEFENDANT JOEL W. LOONEY'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE SECTION 12(b)(6) AND 12(b)(1)** with the Clerk of Court using the CM/ECF system for filing which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Gerald L. Bader, Jr., Esq.<br>Email: gbader@bader-associates.com<br><br>Renée B. Taylor, Esq.<br>Email: rbtaylor@bader-associates.com<br><br>ATTORNEYS FOR PLAINTIFF | Lester C. Houtz, Esq.<br>Email:  lester.houtz@hartlit-beck.com<br><br>Renee Grimmett<br>E-mail   renee.grimmett@bartlit-beck.com<br><br>ATTORNEYS FOR DEFENDANTS BOULDER INVESTMENT ADVISERS, L.L.C. AND STEWART WEST INDIES TRADING COMPANY, LTD., d/b/a STEWART INVESTMENT ADVISERS |

I further certify that on June 11, 2007, a true and correct copy of the foregoing **SPECIALLY APPEARING DEFENDANT JOEL W. LOONEY'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE SECTION 12(b)(6) AND 12(b)(1)** was transmitted via UPS by delivering such document to an overnight mail service or an authorized courier in a sealed envelopes or packages designated by the express service courier addressed to the persons on whom it is to be served as follows:

Roy L. Jacobs
Roy Jacobs & Associates
60 East 42nd Street, 46th Floor
New York, NY  10165
Telephone:	(212) 867-1156
Facsimile:	(212) 504-8343

ATTORNEYS FOR PLAINTIFF

                              s/ Carol A. Nagai
                                   Carol A. Nagai