IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01053-WYD-BNB

LAURENCE D. PASKOWITZ,

Plaintiff,

v.

JOEL W. LOONEY,
DEAN L. JACOBSON,
RICHARD I. BARR,
JOHN S. HOREJSI,
STEWARD HOREJSI,
SUSAN L. CICIORA,
BOULDER INVESTMENT ADVISERS, LLC,
STEWART WEST INDIES TRADING COMPANY, LTD, d/b/a STEWART INVESTMENT ADVISERS, and
BOULDER GROWTH AND INCOME FUND, INC. (nominal defendant),

Defendants.
_____

**ORDER**
_____

This matter is before me on **Boulder Growth and Income Fund, Inc.'s, Forthwith Motion for Relief from Court's Order Allowing Expedited Discovery** [Doc. # 46, filed 6/22/2007] (the "Motion to Reconsider").  The plaintiff has filed his response. [Doc. # 48, filed 6/25/2007].  Based on the materials now before me, I GRANT that the Motion to Reconsider and order that no expedited discovery shall be allowed.

I previously granted the Plaintiff's Motion for Limited Expedited Discovery [Doc. # 8, filed 5/31/2007] (the "Motion for Expedited Discovery"), finding that a pending motion for preliminary injunction created the good cause necessary for the grant of expedited discovery.

At the time of the hearing on the Motion for Expedited Discovery, I expressed some concern about the bare bones nature of the plaintiff's motion for preliminary injunction, particularly in light of Qwest Communications Int'l v. Worldquest Networks, Inc., 213 F.R.D. 418, 419-20 (D. Colo. 2002)(finding that no good cause existed to allow expedited discovery where plaintiff "wishes to conduct expedited discovery to determine whether to seek preliminary injunctive relief" but no such motion had been filed).  I am now presented with a letter from the plaintiff to the defendants, prepared after my ruling allowing expedited discovery, which states:

> Upon further reflection and having done additional research, we have concluded that plaintiff must await the final Registration Statement before filing an amended Complaint *and his opening papers in support of a preliminary injunction*.

*Motion to Reconsider* at Exh. A (emphasis added).

Counsel for the defendants stated at the hearing on the Motion for Expedited Discovery that the Registration Statement would not be final until at the earliest June 28, 2007.  Thus, the plaintiff does not intend to file its brief in support of a preliminary injunction until some reasonable time after June 28, 2007.  I have set the case for a scheduling conference on August 10, 2007.  The parties may begin normal discovery (as opposed to expedited discovery) at any time after their Rule 26(f) conference, Fed. R. Civ. P. 26(d), and that conference may occur immediately or at a time convenient to the parties so long as it is completed by July 20, 2007. Fed. R. Civ. P. 26(f).

The Motion for Preliminary Injunction [Doc. # 15, filed 6/4/2007] is merely an notice of intention to seek a preliminary injunction with a proposed briefing schedule.  The plaintiff now claims that he does not intend to put any meat to that motion until after June 28, 2007.  Under

these facts, expedited discovery no longer is justified.

IT IS ORDERED that the Motion to Reconsider is GRANTED.  Expedited discovery shall not be allowed.

Dated June 25, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge